# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMEKA EUGENE MOORE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. ROMERO,<br><br>　　　　Defendant. | Case No. 1:17-cv-01293-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Demeka Eugene Moore ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action while incarcerated. Plaintiff's complaint, filed on September 28, 2017, is currently before the Court for screening. (ECF No. 1.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b);

1

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is former state prisoner. The events in the complaint are alleged to have occurred while Plaintiff was at Owens Valley awaiting transport to the Sierra Conservation Center. Plaintiff names Correctional Officer R. Romero as the sole defendant.

Plaintiff alleges as follows:

On June 13, 2017 at CC #26 Owens Valley awaiting transportation to S.C.C., I Eugene Moore was sexually assaulted by C/O R. Romero who violated policy and procedures & whose actions and miss-conduct further more were degrading and abusive. C/O R. Romero on June 13, 2017, made me take off all my clothing open my mouth wiggle my tongue spread my anus apart with my fingers squat and cough repeatedly while stating that I wasnt doing it correctly. C/O R. Romero also inform me to pull back the forskin of my penis I did so by showing and stating to C/O R. Romero that I did not have forskin on my penis trying my best to comply. C/O R. Romero inform me to lift up my nut sack then to repeat a sweaping motion which I complied. C/O R. Romero befor or after inform me to bend over as far as I can then to place my fingers in my anus and spread it apart. I did this repeatedly while C/O R. Romero used his flash light to look inside my anus. I inform C/O R. Romero that I didnt feel comfortable doing this C/O R. Romero stated for me not to disobey a direct order. C/O R. Romero then placed

2

> his hand on my back for me to bend over stating that I should hurry and get this over with which I complied. I have metal rods threw my hip and legs & one leg shorter than the other, foot drag, screws in my ankle and wear permanent medical devices. I was in pain trying to keep my balance.

(ECF No. 1 at p. 3) (unedited text).

Plaintiff asserts that Defendant Romero's unwelcome sexual misconduct was humiliating and physically and mentally painful. Plaintiff claims violations of the Fourth and Eighth Amendments to the United States Constitution. As relief, Plaintiff seeks compensatory damages in the amount of $3 million dollars.

### III. Discussion

#### A. Fourth Amendment

"The Fourth Amendment prohibits only unreasonable searches." *Bell v. Wolfish*, 441 U.S. 520, 558 (1979). Courts regularly recognize the importance and difficulty of keeping detention facilities free from drugs, weapons, and other contraband. *Id.* at 559; *see also Way v. Cty. of Ventura*, 445 F.3d 1157, 1161 (9th Cir. 2006). However, courts also recognize the "frightening and humiliating invasion" occasioned by a strip search "even when conducted with all due courtesy." *Way*, 445 F.3d at 1160 (internal quotation marks omitted); *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1143 (9th Cir. 2011). Although some visual body cavity searches of prisoners may be reasonable, others can "be excessive, vindictive, harassing, or unrelated to any legitimate penological interest." *Michenfelder v. Sumner*, 860 F.2d 328, 322 (9th Cir. 1988). There is no precise definition to assess reasonableness, and each case "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell*, 441 U.S. at 559. The prisoner "bears the burden of showing that [prison] officials intentionally used exaggerated or excessive means to enforce security." *Thompson v. Souza*, 111 F.3d 694, 700 (9th Cir. 1997) (quoting *Michenfelder*, 860 F.2d at 333) (finding visual body cavity search conducted in full view of other inmates and intended to detect illicit drugs was reasonably related to a legitimate penological interest).

Here, Plaintiff's complaint fails to demonstrate that the visual cavity search at issue was unreasonable. Plaintiff's allegations do not sufficiently demonstrate that the single search at issue was excessive, vindictive, or harassing. There is no assertion that the search extended beyond a visual cavity search or that Defendant Romero sought to extend the search longer than necessary. Further, Plaintiff's allegations suggest that the search was conducted for a legitimate penological interest relating to his transfer to another facility.

### B. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (as amended). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is deliberately indifferent to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. For a body cavity search to violate the Eighth Amendment, the plaintiff must demonstrate that the search amounted to the unnecessary and wanton infliction of pain. *Jordan v. Gardner*, 986 F.2d 1521, 1525-26 (9th Cir. 1993) (concluding that "momentary discomfort" is not sufficient).

As pled, Plaintiff's allegations that he was subjected to an unclothed body cavity search are insufficient to state a violation of the Eighth Amendment. *See Carroll v. Read*, 2013 LW 1858866, at *6-*7 (C.D. Cal. Jan. 31, 2013) (prisoner's allegations that he was subjected to an unclothed body search and ordered to expose his buttocks on two separate occasions not sufficient to state a violation of the Eighth Amendment). Plaintiff has not alleged more than the momentary discomfort of being subjected to a single body search. Plaintiff's allegations are devoid of any details regarding the extent of harm or injury he allegedly suffered, other than conclusory allegations or an assertion that it was difficult to maintain his balance. There is no

4

indication that the search involved any physical contact with the exception of a hand placed on his back. Further, Plaintiff has not alleged any facts to suggest that Defendant Romero was deliberately indifferent to any risk of harm from the body search. Plaintiff's complaint does not include any allegations to demonstrate that Defendant Romero was aware of any facts that would put him on notice that Plaintiff was at substantial risk of serious physical or emotion trauma if Plaintiff was subjected to a body search.

Plaintiff also alleges that Defendant Romero's search constituted sexual misconduct. "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012); *see also Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse...."). In evaluating such a claim, "courts consider whether 'the official[ ] act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046 (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

Plaintiff's allegations are insufficient to state a claim for sexual harassment in violation of the Eighth Amendment. Plaintiff alleges that he was subjected to a single visual body cavity search and Defendant Romero only placed his hand on Plaintiff's back in order for him to bend over. Even construing Plaintiff's allegations in his favor, the complaint fails to state a claim because the allegations do not demonstrate that Defendant Romero acted with a sufficiently culpable state of mind or that the single touch was objectively harmful enough to establish a constitutional violation. There is no indication in Plaintiff's complaint that other than the directing touch on his back that there was any physical contact, much less sexual abuse, by Defendant Romero.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130

(9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order (or file a notice of voluntary dismissal); and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 2, 2018**                    /s/ *Barbara A. McAuliffe*
                                                                       UNITED STATES MAGISTRATE JUDGE